**Donald D. MENTZEL, Plaintiff,**

v.

**James GILMORE, Mark Strand, Mylan Fink, Fond du Lac County Sheriff's Department, Fond Du Lac County, Raymond Reitz, and Town of Friendship, Defendants.**

No. 98–C–552.

United States District Court, E.D. Wisconsin.

June 29, 1999.

Raymond M. Dall'Osto, Gimbel, Reilly, Guerin & Brown, Milwaukee, WI, for plaintiff.

Michele M. Ford, Raymond J. Pollen, Crivello, Carlson, Mentkowski & Steeves, Milwaukee, WI, Kristi L. Fry, Sager, Pavlic, Wirtz & Fry, Fond du Lac, WI, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Plaintiff Donald Mentzel was the owner of The Lagoon, a strip club that offered "exotic dancing entertainment". He claims that the defendants violated and conspired to violate his constitutional rights as part of an effort to put him out of business solely because he sought to present constitutionally protected semi-nude dancing at his club. He seeks damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985.

Before the court are the defendants' motions for summary judgment. The court will grant the motions as to the plaintiff's claims for damages and declaratory relief in large measure because the decision of the Wisconsin court of appeals in *Fond du Lac County v. Mentzel*, 195 Wis.2d 313, 536 N.W.2d 160 (App.1995), precludes him from claiming that the ordinance under which he was prosecuted violated his First Amendment rights. Another reason requiring dismissal is that Mr. Mentzel has failed to properly raise any issue of material fact that would preclude summary judgment. The court will therefore dismiss these claims with prejudice and dismiss without prejudice his remaining claim for injunctive relief.

## UNDISPUTED FACTUAL BACKGROUND

The plaintiff has submitted briefs in opposition to the motions, but he has not responded to the defendants' proposed findings of fact or submitted his own proposed findings. *See* Local Rule 6.05(b). Although he contradicts a few of the defendants' proposed facts in his briefs, the disputes he raises are either irrelevant or not supported by citation to evidence sufficient to raise a genuine issue of fact. The speculative conclusions of Mr. Mentzel's former attorney are practically the only support offered for the plaintiff's claim that the defendants sought to proscribe constitutionally protected speech. The court is therefore obliged to find that there is no dispute as to the defendants' proposed factual findings. Local Rule 6.05(b) & (d); Fed.R.Civ.P. 56(e).

There are two groups of defendants in this case, each represented by separate counsel who have each filed a motion for summary judgment. The first group includes Fond du Lac County ["the County"], the sheriff's department of Fond du Lac County ["the Department"], sheriff James Gilmore, and Mark Strand and Mylan Fink, who were officers of the Department [collectively "the County defendants"]. The second group consists of the Town of Friendship ["the Town"], located in Fond du Lac County, and Raymond Reitz, chairperson of the Town Board.

The County enacted a "cabaret ordinance" in 1989, which required holders of Class B liquor, beer or dance hall licenses to obtain a cabaret license before featuring exotic dancing entertainment. The pertinent provisions of the ordinance prohibited "lewd and indecent" performances, such as simulated sex acts or the exposure of genitals, and it required dancers to wear a minimal amount of clothing, such as pasties and G-strings. In 1991, the Town enacted a similar ordinance.

In 1979 Mr. Mentzel purchased the Lagoon, which was located in the Town of Friendship, Fond du Lac County. The Town granted him a class B liquor license in 1992. A condition of the license was that he serve liquor at least three days a month for eight hours per day.

On July 1, 1992, he submitted a cabaret license request to the County's protection of persons and property committee. The committee denied the request on July 15 because of concern about the nature of entertainment to be provided in the club raised by advertisements announcing its opening. (County defendants' proposed findings of fact ["CDPFF"] ¶ 7.) Mr. Mentzel made a second request to the committee on July 20, and it was denied at a hearing held on August 12. He then appealed to the County board, which referred the appeal to the County corporation office, which sent the matter back to the committee for reconsideration. (CDPFF ¶¶ 12–14.)

After postponing the matter at two prior meetings, the committee reconsidered his request in November. A representative of Mr. Mentzel said at the meeting that if the license were not granted, management would consider dividing the club in half, one half serving as a bar, the other as a private club featuring adult entertainment. After the plaintiff failed to respond to specific questions about the nature of the dancing at the club and advertisements suggesting that activities at the club would violate the ordinance, his application was denied again. (CDPFF ¶¶ 15–21.)

On November 17, 1992, Mr. Mentzel opened the Lagoon as an alcohol-free strip club. On that night, officers of the Department cited him for violating the cabaret ordinance after observing that several dancers had not worn pasties or otherwise covered their breasts. (CDPFF ¶¶ 22–25.) He received two more citations, one in April 1993 and one in June 1993. In each instance, the citation came after officers saw dancers exposing their nipples and genitals to customers. (CDPFF ¶¶ 30–31, 46.)

Beginning in late April 1993, the Department began investigating prostitution problems at the Lagoon. Two dancers were arrested for prostitution, and the County brought two criminal actions against Mr. Mentzel for keeping a house of prostitution. The first action was dismissed in July when one of the suspected prostitutes recanted statements implicating Mr. Mentzel. The second action, brought in August, ultimately resulted in his conviction in May 1994 for keeping a house of prostitution. He was sentenced to probation for three years and prohibited from engaging directly or indirectly in the business of adult entertainment in Wisconsin. (CDPFF ¶¶ 32–40, 54–56, 60–61.) The plaintiff expressly denies that the instant action challenges that conviction.

On May 18, 1993, shortly after his second ordinance citation and his prostitution-related arrest, the County board upheld the committee's denial of his request for a cabaret license. (CDPFF ¶¶ 41–43.) On June 14, after a public hearing, the Town decided not to renew his liquor license. While there was testimony regarding the investigation of the Lagoon, the Town's ultimate reason for not renewing the license was Mr. Mentzel's failure to comply with the license requirement that he serve liquor at least three days a month. (CDPFF ¶¶ 44–45, 47–52; Town defendants' proposed findings of fact ["TDPFF"] ¶ 13.) He did not exercise his right to review the nonrenewal. (TDPFF ¶ 24.)

On June 11, 1994, a state trial court entered judgment finding the plaintiff in violation of the cabaret ordinance based on the conduct which prompted the citations. The Wisconsin court of appeals reversed the judgment because it found the cabaret ordinance unconstitutional. *Fond du Lac County v. Mentzel*, 195 Wis.2d 313, 536 N.W.2d 160, 162 (App.1995). "We decide that although the ordinance is not unconstitutional as applied to Donald D. Mentzel ... it is facially unconstitutional under the overbreadth doctrine because it encom-passes nude expression which is not associated with harmful secondary effects." *Id.*

Neither of the Town defendants participated in the enactment or the enforcement of the County's ordinance. (TDPFF ¶ 35.) The Town did not attempt to enforce its own anti-nudity ordinance and has since adopted a new ordinance. (TDPFF ¶ 29.)

## ANALYSIS

### A. Were Mr. Mentzel's First Amendment Rights Violated?

The allegation at the heart of Mr. Mentzel's claims is that the defendants embarked on a scheme to put him out of business solely because he offered constitutionally protected dancing at his club. As the plaintiff puts it in both of his opposition briefs, this case "is about local governments enacting and using an overbroad ordinance scheme as a cloak for government censorship of expressive activities that enjoy First Amendment protection". Thus, except for his claim for prospective injunctive relief, discussed later in this opinion, his claims depend upon a finding that the dancing at his club was protected by the First Amendment.

The problem is that such a finding cannot coexist with the Wisconsin appellate court's conclusion that the type of dancing at his club did not enjoy First Amendment protection. *Mentzel*, 536 N.W.2d at 162, 166. If Mr. Mentzel is bound by this conclusion, then his claims must fail. *See DiGiambattista v. Doherty*, 897 F.Supp. 649, 656 (D.Mass.1995) (holding that in a § 1983 overbreadth suit, if the plaintiff's speech was itself unprotected, then his rights have not been violated and he may not recover damages); *Noelker v. City of Kansas City, Mo.*, 802 F.Supp. 268, 270 (W.D.Mo.1992) (same); *Hearn v. Hudson*, 549 F.Supp. 949, 954 (W.D.Va.1982) (same). The plaintiff has not offered any argument or authority challenging these squarely pertinent (but not controlling) district court cases.

■ I believe that Mr. Mentzel is bound by the Wisconsin appellate court's conclusion because the doctrine of issue preclusion applies. Mr. Mentzel himself contends that the decision is correct and is the law of the case. I agree with that court's decision.

The court must apply Wisconsin law to the defendants' claim that the appellate court's decision bars the plaintiff's § 1983 action under the doctrine of issue preclusion. *Schertz v. Waupaca Cty.,* 875 F.2d 578, 581 (7th Cir.1989). Issue preclusion (formerly known as collateral estoppel) prevents a party from relitigating issues that he has litigated in a prior action. *Lindas v. Cady,* 183 Wis.2d 547, 515 N.W.2d 458 (1994); *Michelle T. v. Crozier,* 173 Wis.2d 681, 495 N.W.2d 327 (1993).

The issue of whether the County's ordinance was unconstitutional as applied to him was raised by him during his appeal. One of three arguments he raised was that "the cabaret ordinance is unconstitutional as applied to Mentzel." The appellate court rejected that argument in three different places in its opinion. *Mentzel,* 536 N.W.2d at 162, 166. Based on the authorities cited by the defendants, I conclude that issue preclusion applies to Mr. Mentzel in this case.

The plaintiff's one paragraph response regarding this issue does not offer any argument or authority to suggest that the doctrine should not apply. He repeats that the statute was held unconstitutional, but the appellate court repeatedly made clear that it did so only on overbreadth grounds. This fact only shows that he has no valid damages claim. *See DiGiambattista,* 897 F.Supp. at 656; *Noelker,* 802 F.Supp. at 270; *Hearn,* 549 F.Supp. at 954. He then mischaracterizes the Wisconsin appellate court's decision, suggesting that it only rejected his vagueness challenge, leaving him free to claim the ordinance violated his rights in other ways. This reading finds no support in the decision itself, which states three times in three different ways that the ordinance was not unconstitutional as applied to Mr. Mentzel and that the conduct for which he was cited did not enjoy First Amendment protection.

The plaintiff does not argue that the Wisconsin appellate court erred when it found that the ordinance was not unconstitutional as applied to him. In fact, Mr. Mentzel contends (and the defendants agree) that the state appellate court's decision constitutes the law of this case. In his June 18 letter brief on the issue of whether his First Amendment rights were violated, Mr. Mentzel further asserts that the appellate court correctly applied the leading First Amendment case involving the regulation of nude dancing in strip bars—*Barnes v. Glen Theatre, Inc.,* 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991). The plaintiff's acknowledgment of the doctrine of the law of the case and his concession that his appeal was rightly decided further preclude him from claiming that the enforcement of the ordinance violated his First Amendment rights.

■ Apart from whether Mr. Mentzel is bound by the appellate court's decision, I agree with it. In *Barnes,* five justices of the Supreme Court agreed in a splintered plurality opinion that the state of Indiana did not violate the First Amendment by requiring dancers in strip bars to wear pasties and a G-string. *Id.* at 565, 111 S.Ct. 2456 (plurality opinion); 572 (Scalia, J., concurring in judgment); 587 (Souter, J., concurring in judgment). The undisputed facts in the case at bar establish that on each of the occasions when the plaintiff was cited, his employees failed to comply with a similar requirement set forth in the cabaret ordinance. The Wisconsin appellate court's rejection of Mr. Mentzel's "as applied" challenge represents, in my view, a correct application of *Barnes.*

The plaintiff has not cited any authority to buttress his claim that the dancing that went on in the Lagoon was constitutionally protected. This is true despite my request for additional briefing on the issue of

whether his First Amendment rights were violated. This supports the view that the appellate court correctly rejected his "as applied" challenge.

## B. Qualified Immunity

 Even if this court and the Wisconsin appellate court are wrong in concluding that the enactment and enforcement of the ordinance did not violate Mr. Mentzel's First Amendment rights, this court would nevertheless have to dismiss all individual defendants from this action under the doctrine of qualified immunity. This defense bars § 1983 suits against individual officials if their actions did not violate clearly established law. *See Wilson v. Layne,* —— U.S. ——, 119 S.Ct. 1692, 1698, 143 L.Ed.2d 818 (1999). I believe that when the individual defendants in this case acted as they did, they had reason to believe, based on *Barnes,* that the type of dancing that took place at the Lagoon was not protected by the First Amendment.

## C. Fourth, Fifth and Fourteenth Amendment Claims

Mr. Mentzel's Fourth, Fifth and Fourteenth Amendment claims appear to be based on the same conduct giving rise to his First Amendment claim. I believe that these claims also depend upon his contention that the defendants punished him for exercising his First Amendment rights. These claims will be dismissed because they are undeveloped, not based upon citation to any authority and, as discussed below, unsupported by evidence sufficient to create a genuine issue of material fact.

## D. Genuine Issues of Material Fact

A serious weakness with all of the plaintiff's claims is the lack of evidence to support them. In order to defeat summary judgment, Mr. Mentzel was required to submit evidence sufficient to raise a triable issue of material fact as to each of the dispositive issues on which he bears the burden of proof at trial. *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). He has not. For example, he has submitted no support (other than the speculation of his former attorney) for his allegation that the County's enforcement efforts sought to prohibit consitutionally protected activities. I therefore must credit as true the defendants' affidavits suggesting that the County defendants sought only to curb nonprotected dancing and to stop prostitution problems at the Lagoon.

## E. Town Defendants

In addition to those discussed above, there are other reasons for dismissing the claims against the Town defendants. Neither of the Town defendants participated in the enactment or enforcement of the County's ordinance, nor did the Town attempt to enforce its own anti-nudity ordinance. The only action taken by the Town was the nonrenewal of Mr. Mentzel's liquor license. It is undisputed that he failed to comply with the license's requirement that he serve liquor at least three days a month and that he failed to exercise his right to appeal the nonrenewal. Moreover, even if activities at the club prompted the nonrenewal, there is no evidence that the Town sought to suppress protected speech rather than to discourage activities that the law can properly proscribe.

## F. Claim for Injunctive Relief

 In his prayer for relief Mr. Mentzel requests a permanent injunction against the defendants from enacting or enforcing unconstitutionally overbroad ordinances which may violate his constitutional rights. Even though he cannot seek damages for the reasons discussed above, he may seek to enjoin enforcement of an ordinance that is overbroad, even if his own conduct is clearly unprotected. *New York v. Ferber,* 458 U.S. 747, 769, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). This exception to the traditional rules of standing exists to prevent the "chilling effect" that an over-

broad statute might have on others. *Id.* at 767, 102 S.Ct. 3348.

█ However, in order to have standing to sue for prospective injunctive relief, Mr. Mentzel must show more than a past injury—he must demonstrate a "real and immediate threat of future harm". *City of Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Nearly all of the allegations of the complaint relate to past alleged injuries which I have held are not compensable. The Wisconsin appellate court has already struck down the cabaret ordinance, and the Town's anti-nudity ordinance has since been repealed. (TDPFF ¶ 29.) There is no allegation that the County has disregarded the Wisconsin appellate court's decision or has continued to enforce its ordinance. Nor has the text of the Town's new ordinance been placed before the court, and it is undisputed that the Town has never enforced any anti-nudity ordinance against him.

The only allegations concerning the threat of future harm are that the plaintiff wishes to present "exotic dancing" in the future and that the defendants have an animus for constitutionally protected strip dancing. Mr. Mentzel does not explain when he will be able to act on his plan consistent with the term of the sentence on his conviction forbidding him from engaging in adult entertainment. He has not submitted any support for his belief that the defendants harbor an animus for constitutionally protected (as opposed to nonprotected) dancing. Nor does his complaint identify any existing, valid ordinances that pose a threat to his desire to present strip dancing in the future.

█ The briefing in this case devotes almost no attention to the plaintiff's claim for injunctive relief. Mr. Mentzel states only that the Town's new ordinance is unconstitutional and offers additional briefing on the subject. In addition to finding that he lacks standing, I conclude that his claim is either moot or not ripe.

*See, e.g., New York Magazine v. Metropolitan Transp. Auth.,* 136 F.3d 123, 127 (2d Cir.1998) (dismissing First Amendment claim seeking injunctive relief for lack of standing); *Allee v. Medrano,* 416 U.S. 802, 818–19, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974) (repeal of ordinance renders claim for declaratory relief moot); *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679, 687 (7th Cir.1998) (to be ripe, claim must allege existence of statute proscribing claimant's intended conduct and credible threat of prosecution). Accordingly, the court will dismiss the plaintiff's claim for injunctive relief without prejudice.

## ORDER

Therefore, IT IS ORDERED that the County defendants' motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the Town defendants' motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that all of the plaintiff's claims be and hereby are dismissed with prejudice, except for the plaintiff's claim for prospective injunctive relief, which claim be and hereby is dismissed without prejudice.

IT IS FURTHER ORDERED that all other pending motions be and hereby are dismissed as moot.

IT IS FURTHER ORDERED that this action be and hereby is dismissed, with costs to the defendants.

This action came before the court with the Honorable Myron L. Gordon, District Judge, presiding. The issues have been heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that all of the plaintiff's claims be and hereby are dismissed with prejudice, except for the plaintiff's claim for prospective injunctive relief, which claim be and hereby is dismissed without prejudice.

IT IS ALSO ORDERED AND ADJUDGED that this action be and hereby is

dismissed. The defendant shall be entitled to recover its reasonable costs.